## In re GEORGE M. HANSON.

### APPLICATION FOR A CERTIORARI.

In what cases the writ of certiorari lies to review the decision of an inferior court.

The courts have a discretion in granting a ferry license within two miles of an established ferry, to be exercised for the promotion of the public convenience.

HANSON filed his petition and affidavit in this Court, stating that in May, 1851, and for some time before, he had a license from the Court of Sessions of Yuba County to run a ferry across Feather river, opposite Yuba City, which license he still held; that at the May term, 1851, of said Court, William S. Webb made application for a license to run another ferry within one mile of the petitioner's ferry; that the Court, after hearing evidence, granted Webb a license as asked by him, notwithstanding the petitioner's opposition; in doing which the Court exceeded its powers, and violated the statute, as the petitioner was advised and believed; that the petitioner appealed from the order of the Court of Sessions to the District Court of Yuba County; which Court, at its June term, 1851, affirmed the order; by virtue whereof Webb had established, and was still running a ferry, to the injury of the petitioner; that as the petitioner was advised, &c., the District Court exceeded its powers in affirming said order; and the petitioner had no appeal from the decision of the District Court, nor any plain and adequate remedy other than by the writ of certiorari; wherefore he prayed that such writ might issue, commanding the Clerk of the District Court to certify a transcript of the record and proceedings in that Court in the matter of said Webb's application for a ferry, and command-

ing the Clerk of the Court of Sessions to certify a transcript of the record and proceedings in that Court in the matter, &c.

*W. Walker*, for the application.   Certiorari is the proper proceeding, the District Court having exceeded its powers.   People *v.* Judges of West Chester, 20 Wend. 625 ; People *v.* Judges of Suffolk, 24 Ib. 249; 2 sec. the Act regulating Ferries, Stats. 1850.

Justice ANDERSON delivered the opinion of the Court.   (After stating the facts,) by the Act of 1850, p. 97, s. 2, Courts of Sessions were authorized to establish public ferries.   The fifth section of that Act limited the establishment of ferries to the distance of one mile from each other, "Unless deemed important to the public convenience; or the situation of a town or village; the crossing of a public highway, or the intervention of a creek or ravine, should render it necessary."   The Act of 29th April, 1851, p. 184, sec. 3, extends the previous limitation to the distance of two miles, but re-declares the exceptions in the same words. .

The Court below of course considered the question of the limitation of distance, and the subjunctive exceptions of the statute. It does not appear by the facts stated in the petition, that either the Court of Sessions or the District Court exceeded their powers, and from all that appears to this Court, they "regularly pursued their authority."   The Court of Sessions exercised their discretionary power after the examination of witnesses; and the District Court did not exceed its powers in affirming the decision below.   The exceptions made in the statute to the limitation of distance, are undoubtedly clear and distinct.   The public convenience should always be considered in advance of private interests.   In relation to ferries, especially in the State of California, where they have become odious monopolies, and sources of vast private emolument, it is not the policy of Courts of justice having supervisory powers, so to exercise them in construing the laws as to control or constrain the discretion of Courts of original jurisdiction, in their endeavours to promote the public convenience and interest.   Nevertheless, if they exceeded their powers, this Court, in every case within its reach, would not fail to interfere.   There is not, however, in this case, the slightest showing to justify this Court in disturbing the decision below, by

a writ of *certiorari*.   Stats. 1851, p. 123 and 124, sects. 456 and 462.   Nor could any amount of dollars involved, change the question as to granting a writ of *certiorari* upon the petition in this case.   That would rest upon separate and distinct grounds. Under such circumstances, if the party had been entitled to an appeal, and it had been denied, this court would not pass it by without remedy.

In this case the Court refuses to grant the writ.